**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

SAN JUAN ASSOCIATES, OUTDOOR WORLD, LLLP,

    Plaintiff,

v.

DEPOSITORS INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

Defendant Depositors Insurance Company ("Depositors"), through its undersigned counsel, Quintairos, Prieto, Wood & Boyer, P.A., submits this Notice of Removal of this matter to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Depositors states as follows:

1. On March 31, 2022, Plaintiff San Juan Associates, Outdoor World, LLLP filed a Complaint in the District Court for the County of San Juan, Colorado, captioned San Juan Associates, Outdoor World, LLLP v. Depositors Insurance Company, Case No. 2022CV30001. Plaintiff filed a Return of Service evidencing service on the Colorado Division of Insurance c/o the Colorado Attorney General's Office on April 6, 2022.

2. This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different states." 28 U.S.C. § 1332(a)(1).

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Depositors is an Iowa corporation with its principal place of business in Iowa.

6. However, "these considerations are irrelevant to the determination of an LLLP's citizenship. When an entity consists of multiple tiers of ownership and control, the entire structure must be considered for diversity purposes. In other words, when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Asher*

[2]

*Investments 3 LLLP v. Travelers Prop. Cas. Co. of Am.*, No. 10-cv-02238-PAB, (D. Colo. Sept. 15, 2010) (citations and quotations omitted).

7.     The Complaint identifies Plaintiff a Colorado Limited Liability Partnership. In addition, Plaintiff's counsel confirmed there are "[n]o Iowa relationships with any of the plaintiff partners." *See* **Exhibit A**.

8.     No change of citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and Depositors.

9.     This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001). The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the notice of removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "'contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence . . . about how much it would cost to satisfy the plaintiff's demands.'" *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006)).

10. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In the lawsuit, Plaintiff seeks damages to its property from an alleged unreinforced and abutting masonry wall. Plaintiff seeks damages for breach of contract, common law bad faith, and an amount of two times the covered benefits as well as attorneys' fees and costs under C.R.S. §§ 10-3-1115 and 1116. Courts in this District have concluded the amount in controversy exceeds the jurisdictional amount when an insured seeks to recover double the amount of the covered benefits plus attorneys' fees pursuant to C.R.S. § 10-3-1116. *See Cox v. Lincoln Nat'l Life Ins. Co.*, No. 10-cv-02544-CMA-MEH, 2010 WL 5129536, at *1 (D. Colo. Dec. 9, 2010) (amount in controversy satisfied when the plaintiff alleged the defendant was required to pay insurance benefits and asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. American Family Mut. Ins. Co.*, No. 12-cv-02229-REB-KLM, 2013 WL 1412327, at *2-5 (D. Colo. Mar. 18, 2013) (a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal). Thus, Plaintiff's claim for attorneys' fees are properly considered in determining the amount in controversy. *Washington*, 2013 WL 1412327, at *2–5; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("[t]he Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship").

11. In addition, the state court District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint provides further evidence that Plaintiff is pursing damages

in excess of $100,000, as it states: "This party is seeking a monetary judgment against another party for more than $100,000.00." The United States Court of Appeals for the Tenth Circuit has concluded that a civil case coversheet is an "other paper" and, therefore, provides an appropriate basis to support the jurisdiction amount in controversy for purposes of removal. *Paros Props. LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016).

12. Pursuant to 28 U.S.C. § 1441(a), this is the appropriate court for filing a Notice of Removal from the District Court for the County of San Juan, Colorado, where the state court case was pending.

13. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office. Within fourteen days of the filing of this Notice of Removal, Depositors will file a current state court docket sheet (register of actions) and will separately file each pending motion, petition, and related response, reply, and brief. Copies of the state court Complaints, Civil Case Cover Sheet, Return of Service, and Orders served upon Depositors are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

14. Pursuant to D.C.COLO.LCivR 3.1, a Civil Cover Sheet is being filed contemporaneously with this Notice of Removal.

15. Pursuant to 28 U.S.C. § 1446(a), this pleading is being signed under Fed. R. Civ. P. 11.

DATED this the 6th day of May, 2022.

[5]

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

/s/*Katelyn S. Werner*
Katelyn S. Werner
Quintairos, Prieto, Wood, & Boyer, P.A.
1400 16th Street, Suite 400
Denver, CO 80202
Telephone: 720-798-1620
katelyn.werner@qpwblaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this the 6th day of May, 2022 addressed to:

Thomas W. Henderson
Nelson P. Boyle
Burg Simpson Eldredge Hersh & Jardine, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
E-mail: thenderson@burgsimpson.com
nboyle@burgsimpson.com

/s/ *Katelyn S. Werner*

[6]