IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:22-cv-01137-CNS-NRN

SAN JUAN ASSOCIATES, OUTDOOR WORLD, LLLP,

    Plaintiff,

v.

DEPOSITORS INSURANCE COMPANY,

    Defendant.

# ORDER

Before the Court is Plaintiff's Motion to Hold Trial in Durango, Colorado. ECF No. 112. For the following reasons, Plaintiff's motion is DENIED and the trial will be held in Denver.

## I. BACKGROUND

Plaintiff is from Silverton, Colorado and owns property in Silverton, Colorado. The case concerns property damage sustained following a fire at a neighboring building, the "Great Divide." Plaintiff alleges that Defendant breached the insurance contract on Outdoor World's building. This case was originally filed in the District Court for the County of San Juan, Colorado, which is located in Silverton, Colorado. Defendant subsequently removed the case to this Court, asserting jurisdiction under 28 U.S.C. § 1332.

1

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1404(c), a district court may "order any civil action to be tried at any place within the division in which it is pending." Within the District of Colorado, court "shall be held at Boulder, Colorado Springs, Denver, Durango, Grand Junction, Montrose, Pueblo, and Sterling." 28 U.S.C.S. § 85. The party seeking an intradistrict transfer has the burden of proving that the existing forum is inconvenient. *See Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr.*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006).

For intradistrict transfers, courts look to the factors for venue transfers in 28 U.S.C. § 1404(a) and specifically consider the following factors:

> (1) The plaintiff's choice of forum;
> (2) The convenience of the witnesses;
> (3) The accessibility of witnesses and other sources of proof;
> (4) The possibility of obtaining a fair trial; and
> (5) All other considerations of a practical nature that make a trial easy, expeditious and economical.

*See Four Corners Nephrology Assocs*, 464 F. Supp. 2d at 1098. The convenience of witnesses is the most important factor. *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (citations omitted).

## III.  DISCUSSION

As to the first factor, the plaintiff's choice of forum, Plaintiff prefers a trial in Durango, as Outdoor World originally filed in the District Court in San Juan County. However, courts afford "limited deference" to a plaintiff's choice of forum where the case had been removed from state to federal court because, by definition, the case is no longer in the plaintiff's chosen forum. *See Mandel v. Hafermann*, No. 2:19-cv-00563, 2020 U.S.

2

Dist. LEXIS 96286, at *7–8 (D. Utah Jun. 2, 2020). Here, Defendant removed the case to federal court, so the first factor is not given great weight.

As to the second and third factors, the convenience and accessibility of the witnesses, Plaintiff alleges that the "vast majority" of witnesses are located closer to Durango, and all but one "will call" witness Plaintiff seeks to present is closer to Durango. ECF No. 112 at 3. Plaintiff states that "many of the witnesses would not be able to travel to Denver" for the trial, and that the median driving distance to the Denver courthouse for Plaintiff's will call witnesses is 325 miles, compared to 50 miles to the Durango courthouse. *Id.* at 3–4. Plaintiff also claims that Nationwide did not identify any witnesses who would be unable to appear at the Durango courthouse. *Id.* Because the location of the property at issue, and most of the will-call witnesses, are closer to Durango, Plaintiff argues that Durango is more convenient and accessible for witnesses. However, Defendant correctly states that the movant must set forth the identity and proposed testimony of witnesses alleged to be inconvenienced in order to allow the court to determine whether the witnesses' testimony is, in fact, material. *See Garza v. Pep Boys – Manny, Moe & Jack of Del., Inc.,* No. 10-cv-00365-REB-KLMK, 2010 U.S. Dist. LEXIS 57985, at *2–3 (D. Colo. May 24, 2010).

Here, Plaintiff did not identify, nor detail, the proposed witnesses' testimony that would be adversely affected. Defendant, however, did provide such details, which support Denver as the appropriate trial location. Plaintiff's witness Jonathan Moe is located in Aurora, Colorado. Plaintiff's witness Dacie Green, who is also allegedly material to Plaintiff's case, is located in Columbus, Ohio. Air travel to Denver is much more

convenient than to Durango: there is a direct flight from Columbus to Denver, but not to Durango. Plaintiff's expert Michael Bohrer, P.E., is located in Panama Beach, Florida; Plaintiff's expert witness Neelima Sunder Sen, CPA, is located in Atlanta, Georgia; Plaintiff's expert witness Nicholas Shane is located in Fort Lauderdale, Florida. All these cities have direct flights to Denver and not to Durango. Plaintiff's expert witness Brent Bell, P.E., is located in Erie, Colorado.

Defendant's witnesses are also more conveniently located to Denver. Depositors' corporate witness is likely to be located out of state; Defendant's witness Doru Botic, P.E. is located in Irvine, California, which has direct flights to Denver but not to Durango; Defendant's witness Nicholas Sekol is located in Parker, Colorado; Defendant's expert witness Peter Marxhausen, P.E. is located in Englewood, Colorado; Defendant's expert Chris Warlow is located in Larkspur, Colorado; and Defendant's expert Gary Schwartz, C.F.E., is located in Denver, Colorado.

Plaintiff does not allege enough details to overcome Defendant's specific witness travel inconveniences. The forum must be "substantially inconvenient" to support transfer. *See Metabolite Laboratories, Inc. v. AmerisourceBergen Corp.*, No. 04-cv-02501-WYD-CBS, 2005 U.S. Dist. LEXIS 37327, at *13 (D. Colo. Aug. 30, 2005). Defendants included detailed accounts of the inconveniences that 11 witnesses would face with a forum in Durango, including indirect air travel to a regional mountain airport for out-of-state witnesses, and long drive times (over 6 hours) for witnesses in the state who are in the Denver metro area. Plaintiff did not allege similar difficulties. The burden is on Plaintiff to show that Denver is inconvenient, and Plaintiff has not done so.

As to the fourth factor, the possibility of obtaining a fair trial, Plaintiff claims that Durango will result in a fairer trial because Defendant, an insurance company, chose to insure a property in Silverton, Colorado, so it would be unfair to insist on resolving disputes about that property in Denver. Additionally, Plaintiff claims that the jury pool in Durango will have more knowledge of mountain conditions, which are important to the case because it involves construction in the mountains. Plaintiff then alleges that holding trial in Denver will result in more video testimony or preservation depositions, which jurors do not receive as well.  However, Defendant counters that none of the operative facts of Plaintiff's breach of contract claim took place in Durango, and the fact that the property is located closer to Durango than to Denver is not relevant. Significantly, the jurors will be instructed that they are not allowed to visit places involved in the case, so the proximity of the property in question is not relevant. Finally, Defendants persuasively argue that the differences in the jury pool are not significant, because the case is about interpretation of insurance policies, and that the fact that the jury pool in Durango may be more sympathetic to Plaintiff does not weigh in favor of transfer. The Court sides with Defendant on the fourth factor.

Finally, Defendant alleges that the fifth factor, other practical considerations, does not support transfer. Court congestion and other relevant statistics are significant factors as well, which Plaintiff does not address. *See Mandel*, 2020 U.S. Dist. LEXIS 96286, at *10. The Court notes that there are a number of practical considerations weighing against moving the trial to Durango: there are no empty courtrooms there, and transferring there

would require one of the judges to vacate their docket during the trial, which is not warranted under these circumstances.

## IV.  CONCLUSION

Consistent with the above analysis, Plaintiff's Motion to Hold Trial in Durango, Colorado, ECF No. 112, is DENIED.

DATED this 30th day of April 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge